# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JUNOD, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>DREAM HOUSE MORTGAGE CO, et al.,<br><br>            Defendants. | Case No. 2:11-cv-7035-ODW (VBKx)<br><br>**ORDER TO SHOW CAUSE RE RULE 11 SANCTIONS** |

The Court is informed that Plaintiffs' attorneys, Prosper Law Corporation, continue to file boilerplate complaints asserting frivolous legal theories, despite multiple decisions *against Prosper's* conclusory pleadings. For example, with respect to Prosper's Federal Debt Collection Practices Act claims ("FDCPA"), California District Courts have repeatedly rejected Prosper's arguments:

- *Brown v. U.S. Bancorp*, No. CV 11-6125 CAS (PJWx), 2012 WL 665900, at *5 (C.D. Cal. Feb. 27, 2012) ("[E]ven if plaintiffs did have standing, plaintiffs have failed to establish that the defendants are 'debt collectors' within the meaning of the Act.  This is so because the activity of foreclosing on a property pursuant to a deed of trust is not the collection of the meaning of the FDCPA.").

- *Armeni v. America's Wholesale Lender*, No. CV 11-8537 CAS (ARGx), 2012 WL 603242, at *4 (C.D. Cal. Feb. 24, 2012) (same).

- *Junger v. Bank of Am., N.A.*, No. CV 11-10419 CAS (VBKx), 2012 WL 603262, at * 4 (C.D. Cal. Feb 24, 2012) (same).

- *Kazovsky v. Metrocities Mortg., LLC*, No. CV 11-06079-ODW (FMOx), 2012 WL 177333, *5 (C.D. Cal. Jan. 23, 2012) ("The law is well-settled that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA. . . . Plaintiff fails to explain how these Defendants, sued in their capacities as servicers of Plaintiff's loan, could fit into some—if any—exception to the rule that mortgage servicing companies are statutorily exempt from the FDCPA.").

- *Bernardi v. JPMorgan Chase Bank, N.A.*, No. C-11-04543 RMW, 2012 WL 33894, at *4 (N.D. Cal. Jan. 6, 2012) ("[P]laintiffs have not alleged that JPMorgan regularly collects debts on behalf of third parties or that it is in the business of debt collection. . . . The FDCPA applies to debt collectors, not creditors, and the status of a debt collector or creditor is mutually exclusive.").

- *Junod v. Dream House Mortg. Co.*, No. 11-7035-ODW (VBKx), 2012 WL 94355, at *2 (C.D. Cal. Jan 5, 2012) ("Plaintiffs allege that 'Defendant U.S. Bank is a debt collector pursuant to the FDCPA.' Such bare allegations are not sufficient and courts have rejected similar conclusory statements pertaining to FDCPA claims. For example, additional facts directed to the debt collecting activity may be necessary to show that U.S. Bank conducted in such activities.").

- *Derusseau v. Bank of Am., N.A.*, No. 11 CV 1766 MMA (JMA), 2011 WL 5975821, at *6 (S.D. Cal. Nov. 29, 2011) ("Here, Plaintiff does not allege Freddie Mac or BAC is a debt collector within the meaning of the FDCPA. In addition, Plaintiff must allege Defendants engaged in debt collection activities, which she failed to do. Instead, Plaintiff's FAC contains only legal conclusions, unsupported by factual contentions.").

Despite these rejections, Prosper continues to file the same boilerplate FDCPA claims. (*See* Dkt. No. 36.) Most, if not all of Prosper's other legal theories have suffered the same fate.

/ / /

The Court finds that Prosper has had more than adequate notice that their boilerplate claims are meritless, or worse—frivolous. Therefore, the Court orders Prosper to show cause why its attorneys, specifically Gordon F. Dickson and Deborah

P. Gutierrez, should not be sanctioned up to $50,000 for violating Federal Rules of Civil Procedure Rule 11(b). The hearing on this matter will be held on March 19, 2012 at 1:30 pm, concurrently with Defendants' motion to dismiss hearing.

**IT IS SO ORDERED.**

March 13, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE